DAVIS, District Judge,
concurring:
Indubitably, as all agree, government has a compelling interest in protecting children from harm. Were I participating in this case as the doting grandfather that I am proud to be, I would eagerly embrace the result reached by the dissent. Shedding my familial role, however, as I must, for my proper role as judge, I am pleased to join Judge Spencer’s opinion.
The Commonwealth’s contention that a facial challenge to the amended statute is foreclosed on the basis of stare decisis is a legal formalism that I find wholly unpersuasive. For the reasons stated in the majority opinion, it simply could not be more clear that the Virginia legislature amended the statute exactly because the prior law did not reach electronic media. I do not believe resolution of the compelling overbreadth claims asserted by plaintiffs in this case can or should be avoided in this way.
On the merits, the majority opinion is unwaveringly faithful to extant First Amendment and Commerce Clause principles. Perhaps it is true, as Justice Holmes famously stated, that hard cases sometimes make bad law, and certainly, as we all know, rapid advances in technology sometimes make hard cases. E.g., Kyllo v. United States, 533 U.S. 27, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001)(holding that use of a thermal imaging device to measure heat escaping from a residence constitutes a search of the residence); Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002)(finding unconstitutional certain provisions of the Child Pornography Prevention Act of 1996, 18 U.S.C. §§ 2251 et seq.). But the majority opinion makes no law at all, good or bad. Rather, it simply applies settled law to new facts, and it does so in a manner that is consonant with and well within the boundaries of the judicial function. It is no answer to the plaintiffs’ claims that, to achieve its assuredly compelling interest in protecting children from exposure to online pornography, Virginia has done the best that available technological know-how allows. In a related context, the Supreme Court has cautioned that “[t]he Government may not suppress lawful speech as the means to suppress unlawful speech. Protected speech does not become unprotected merely because it resembles the latter.” Id. at 255, 122 S.Ct. 1389. Similarly, the online dissemination of protected speech may not be criminalized (a surefire form of suppression) merely because such speech might be accessible to Virginia’s inadequately-supervised minors. Thus, Virginia’s effort to do for parents and guardians what they — without the constraints imposed by constitutional prohibitions — are free (and better able) to do for themselves, fails. Nor may Virginia reach beyond her border to suppress online speech everywhere, even if such an attempt had any plausible prospects of success, which of course it does not.
It may be that the Supreme Court will one day undertake the task of creating a new metric of speech protection for the “Age of the Internet,” but it has not done so to date. Accordingly, I fully concur in the opinion affirming the judgment of the district court.